UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA


IN RE:                                     )
                                           )
   **Delores G. Brodie**                )         Case No. 05-81873C-13
                                           )
       **Debtor**                        )

___

**ORDER AND OPINION GRANTING
MOTION TO DISMISS**

    **This matter** came on for hearing on September 15, 2005, before the undersigned Bankruptcy Judge on the Motion to Dismiss filed by Wells Fargo Home Mortgage, Inc. (hereinafter "Creditor"). Appearing before the court were William L. Parks, counsel for the Debtor and Richard M. Hutson, the Chapter 13 Trustee. Timothy L. Hanson, counsel for the Creditor, appeared telephonically.

    The record reflects the following facts:

    1. On July 1, 2005, the Debtor filed a Chapter 13 petition with the Bankruptcy Court for the Middle District of North Carolina.

    2. The Debtor holds title to real property described in that Deed of Trust recorded in Wake County Register of Deeds in Book 9656 at pages 2595-2617 and recorded on October 11, 2002 and more particularly described as 5152 Julip Drive, Knightdale, North Carolina, 27545.

    3. The Creditor holds a Promissory Note secured by the Deed of Trust from the Debtor in the original principal amount of $100,000.

    4. The Debtor listed the Creditor as a secured creditor in her schedules and stated that the Creditor is owed $102,276.00 and that the Creditor has an arrearage claim in the amount of $6,657.00.

    5. The Debtor has filed two prior Chapter 13 petitions in the Middle District of North Carolina. The first petition was filed on July 14, 2004 and was known as Case Number 04-82090. The creditor moved for relief from stay in the case and that motion was denied without prejudice. The court ordered that in the event the Debtor defaulted in plan payments for a period of more than 30 days for the next succeeding 12 months, the automatic stay would be modified without further hearing on the matter. On December 29, 2004, the court dismissed the Chapter

13 case.

6. On February 11, 2005, the Debtor filed a second Chapter 13 petition in the Middle District. This case was known as Case Number 05-80427. The Chapter 13 plan was confirmed on April 25, 2005. The confirmed plan had a provision that in the event the Debtor defaulted in payments to the Trustee for a period of 30 or more days, the debtor would be automatically dismissed without further notice or hearing.

7. On June 22, 2005, the Court dismissed Case No 05-80427 for failure of the Debtor to make plan payments. Eight days later, July 1, 2005, the Debtor filed the present petition.

The Creditor requests that confirmation of this third Chapter 13 Plan be denied and the case be dismissed as an abusive filing pursuant to Title 11 of the United States Code Section 105. Additionally, the Creditor requests that pursuant to Title 11 of the United States Code Section 109(g)(1) that the Debtor be deemed ineligible to be a Debtor under Title 11 for a period of 180 days for failure to abide by orders of the Court.

DEBTOR ELIGIBILITY

The Bankruptcy Amendments and Federal Judgeship Act of 1984 added new subsection(f) to Section 109 to provide a 180-day bar to filing. This was redesignated as subsection (g) by Section 253 of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986. Section 109(g) provides as follows:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if:
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The Fourth Circuit has determined that Section 109(g) bars a subsequent filing only if the bankruptcy court finds a previous case was dismissed because of a debtor's "willful failure" to abide by a court order. The "finding need not be made at the time of the earlier dismissal; it can be made when the bankruptcy court is later called upon to determine if Section 109(g) bars a subsequent filing." In re Tomlin,105 F.3d. 933 (4th Cir. 1997). Therefore a decision to determine eligibility may be made upon the filing of the successive case. In re Montgomery, 37 F. 3d. 413, 415(8th Cir. 1994). The burden of proof on the issue of eligibility falls on the party filing the bankruptcy petition. In re Montgomery, 37 F.3d. 413 (8th Cir. 1994); In re Secured Equip. Trust of Eastern Air Lines, 38 F.3d. 86 (2nd Cir. 1994).

The Debtor's previous Chapter 13 case was dismissed for failure to make plan payments. The burden is on the debtor to show that such failure was not willful. All that is required from

the debtor to meet this burden is testimony that she was unable to make the plan payments and that the failure was not willful. In this case, the burden was on the Debtor to explain her failure to make the plan payments. Since she did not attend the hearing, she offered no evidence on this point and, therefore, failed to carry her burden to prove eligibility. When Section 109(g) is raised, the burden is on the filing party to establish that the failure to obey the court order was not willful. Had the debtor testified that she did not have the ability to make the plan payments, then she would have been eligible to file this petition, as the failure to make plan payments would not, in and of itself, be sufficient to sustain a finding of willful conduct.

Based on the foregoing, it is ORDER, ADJUDGED AND DECREED that this case is DISMISSED pursuant to Section 109 (g).

## SERVICE LIST

**ALL PARTIES OF RECORD AS OF THE DATE OF THE ORDER SHALL BE SERVED BY THE BANKRUPTCY NOTICING CENTER**